**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

—————————————————————X
: 
JOSHUA RABINOWITZ, on behalf of himself :
and all others similarly situated, :
 :
Plaintiff, : Civil Action No.
 :
vs. : **CLASS ACTION COMPLAINT AND**
 : **JURY TRIAL DEMAND**
CREDIT CONTROL, LLC, :
 :
Defendant. :
 :
—————————————————————X

Plaintiff JOSHUA RABINOWITZ, on behalf of himself and all others similarly

situated, (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against

the above-named Defendant CREDIT CONTROL, LLC ("Defendant"), the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory and injunctive

relief arising from Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt

Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from

engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because

jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this

jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer,"

"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt

collection practices provides for the initiation of court proceedings to enjoin violations of

the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of the State of New Jersey,

County of Ocean and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief, Defendant CREDIT CONTROL, LLC

("CREDIT CONTROL") is a Missouri Limited Liability Company organized under the

laws of the State of Missouri with its principle place of business located in Hazelwood,

Missouri.

9.      CREDIT CONTROL is a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. CREDIT CONTROL operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of New Jersey. In fact, Defendant CREDIT CONTROL was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

## **CLASS ACTION ALLEGATIONS**

10.      Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11.      This Action is properly maintained as a class action. The Classes consist of:

**Class 1**

• All New Jersey consumers who were sent letters and/or notices from Defendant in which JPMorgan Chase Bank, N.A is identified as the current creditor and the letter and/or notice was in a form substantially similar to attached Exhibit A and included the alleged conduct and practices described herein.

**Class 2**

• All New Jersey consumers where Defendant sent information concerning the consumer's JPMorgan Chase Bank, N.A. debt to a third-party letter vendor without obtaining the prior consent of the consumer.

3

• The Class period begins one year to the filing of this Action.

12.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

• Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (See **Exhibit A**), except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

• There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

a.     Whether the defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C.  §§ 1692c(b), 1692e, 1692f and/or 1692g, and subsections therein;

b.     Whether Plaintiff and the Class have been injured by the Defendant's conduct;

c.     Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's

4

wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

g.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will

5

continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains;

• Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14.     Prior to June 3, 2020, Plaintiff allegedly incurred a financial obligations to JPMorgan Chase Bank, N.A. ("JPMorgan") related to a consumer credit card account ("the Debt") with an account number ending in 1082.

15.     The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16.     The alleged JPMorgan Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

17.     JPMorgan is a "creditor" as defined by 15 U.S.C. § 1692a(4).

18.     At some time prior to June 3, 2020, the JPMorgan Debt obligation became past due with a balance of $14,838.33.

19.     At some point prior to June 3, 2020, the Debt was referred for collection by JPMorgan to Defendant.

20. At the time the JPMorgan Debt was placed with Defendant, the balance on the Debt was past due.

21. On or about June 3, 2020, Defendant sent Plaintiff a collection letter ("the Collection Letter") with respect to the Debt.  Attached as Exhibit A is a copy of the June 3, 2020 collection letter.

22. The Collection Letter was Defendant's initial written communication to Plaintiff with respect to the Debt.

23. The Collection Letter was sent in connection with the collection of the JPMorgan Debt.

24. The Collection Letter was a "communication" as defined by 15 U.S.C. §1692a(2).

25. As the initial written communication, the Collection Letter was required to contain a notification of Plaintiff's verification rights within the meaning of 15 U.S.C. §1692g(a).

26. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

27. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

28.     15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

29.     In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

30.     15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

31.     In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

32.     A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

33.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

34.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

35.     15 U.S.C. § 1692g(b) provides that collection activities and

communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

36.     A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to his or her rights.

37.     The front side of the Collection Letter included the following statement ("The Statement"):

Unless you, within 30 days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office.  If you notify this office in writing within the 30-day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the 30-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

38.     The Statement presumably attempted to comply with the requirements of section 1692g(a)(3)-(5).

39.     The Statement does not direct the consumer to dispute the Debt with a particular address for an in writing dispute.

40.     The Collection Letter includes three separate addresses for Defendant.

41.     The least sophisticated consumer may be dissuaded from disputing the debt at all, since he or she may not know to which office the dispute should be sent.

42.     The top the Collection Letter  provides a first address for Defendant ("the First Address") of:

        5757 Phantom Drive, Suite 330
        Hazelwood, MO  63042

43.     The bottom left of the Collection Letter contains a second address for

9

Defendant (the "Second Address"):

       PO Box 51790
       Livonia, MI 48151-5790

44.     The bottom right of the Collection Letter provides a third address for Defendant ("the Third Address"):

       P.O. Box 189
       Hazelwood, MO  63042

45.     The problem with the Collection Letter is that it contains three separate addresses for Defendant.

46.     The least sophisticated consumer may believe that he or she would have to send three separate letters to dispute the Debt.

47.     The least sophisticated consumer may decide that sending three separate dispute letters in order to dispute the Debt would be too burdensome and decide not to dispute the Debt.

48.     The least sophisticated consumer may decide not to dispute the Debt since he or she would not know which of the three addresses to use to dispute the debt.

49.     The use of multiple addresses by Defendant overshadowed the disclosure of the consumer's right to dispute the Debt and obtain verification of the Debt.

50.     The use of multiple addresses is deceptive and/or misleading.

51.     In the last year, Defendant sent collection letters to numerous New Jersey consumers in which Defendant included multiple addresses in an initial written communication to a consumer.

52.     Additionally, when Defendant decided to contact Plaintiff via written correspondence, it did not prepare and mail the Collection Letter on its own.

53.     Rather, Defendant sent information regarding Plaintiff's account to a third-party letter vendor (the "Letter Vendor").

54.     In its communications with the Letter Vendor, Defendant disclosed the following information to the Letter Vendor:

a. Plaintiff's status as a debtor;

b. The fact that Plaintiff allegedly owed $14,838.33 to JPMorgan; and,

c. Other highly personal and confidential information about Plaintiff and his account.

55.     The Letter vendor then populated some or all of this information into a pre-written template, which it printed and mailed to Plaintiff's residence in New Jersey.

56.     The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

57.     The sending of an electronic file containing information about Plaintiff's purported debt to the Letter Vendor is therefore a communication.

58.     Defendant's communication to the Letter Vendor was in connection with the collection of a Debt, since it involved disclosure of the Debt to a third-party with the objective being communication with, and motivation of, the consumer to pay the alleged Debt.

59.     Plaintiff never consented to having his personal and confidential information, concerning the Debt or otherwise, shared with anyone else.

60.     In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, <u>with any person</u> other than <u>the consumer</u>, <u>his attorney</u>, <u>a consumer reporting agency if otherwise permitted by law</u>, <u>the creditor</u>, <u>the attorney of the creditor</u>, or <u>the attorney of the debt collector</u>.

(emphasis added).

61.    The Letter Vendor used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provide for in section 1692c(b).

62.    Due to Defendant's communication to the Letter Vendor, information about Plaintiff, including his name, the amount allegedly owed, Plaintiff's home address and other information were all within the possession of an unauthorized third-party.

63.    Defendant unlawfully communicated with the unauthorized Letter Vendor solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it disclosed to such third-party.

64.    In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing sensitive information to an unauthorized third-party has on consumers.

65.    As a result of Defendant's conduct, Plaintiff was harmed by being subject to abusive collection practices, from which she had a substantive right to be free of having his or her privacy invaded and by having his or her private and protected information shared and disseminated with unauthorized parties.

66.    As a result of Defendant's conduct, Plaintiff sustained a concrete, actual injury.

12

67.     As a result of Defendant's conduct, Plaintiff sustained a concrete, actual injury.

68.     In the last year, Defendant sent collection letters to numerous New Jersey consumers in which Defendant included multiple addresses in an initial written communication to a consumer.

69.     In the last year, on multiple occasions Defendant sent consumer information to Lender Vendors without prior consent of the consumer.

70.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

71.     Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

72.     Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

73.     Defendant violated Plaintiff's right to a trustful and fair debt collection process.

74.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

75.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff

of his or her right to enjoy these benefits.

76.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

77.     It is Defendant's pattern and practice to send collection letters in the form described above, and which violate the FDCPA.

78.     On information and belief, Defendant sent letters in the form described above to at least 50 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT
### VIOLATIONS OF 15 U.S.C. §1692

79.     Plaintiff repeats the allegations contained in paragraphs 1 through 78 as if the same were set forth at length.

80.     Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

81.     Defendant's conduct violated several provisions of the FDCPA, including, but not limited to:

A.  15 U.S.C. §1692c, by conveying Plaintiff's information to a third-party;

B.  15 U.S.C. §1692e, by the use of any false, deceptive or misleading representation or means in connection with the collection of a debt;

C.  15 U.S.C. § 1692e(10) of the FDCPA by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

D.  15 U.S.C. §1692f, by using unfair means in connection the collection of a debt by knowingly disclosing sensitive information about Plaintiff's debt to third parties not expressly authorized under the FDCPA;

E.  15 U.S.C. §1692g, by effectively failing to provide the debt verification rights notice;

F.  15 U.S.C. §1692g(b), by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
            June 3, 2021

Respectfully submitted,


By: s/ Lawrence C. Hersh
     Lawrence C. Hersh, Esq.
     17 Sylvan Street, Suite 102B
     Rutherford, NJ  07070

15

(201) 507-6300
*Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: June 3, 2021                 By: s/ Lawrence C. Hersh

                                 Lawrence C. Hersh, Esq.

EXHIBIT A

# Credit Control, LLC

**Letter Date**
06/03/2020

5757 Phantom Drive, Suite 330
Hazelwood, MO  63042
866-673-2281

**Hours of Operation (CT):**
M-TH 8a.m.-7p.m.
F 8a.m.-5p.m., SA 8a.m.-12p.m.

## Your Account Information

Current Creditor: JPMorgan Chase Bank, N.A.
Original Creditor: JPMorgan Chase Bank, N.A.

Our Acct.#: ▉774
Chase Acct.#: ************082
Amount Due: $14,838.33

## Important Notice

Dear JOSHUA RABINOWITZ, please be advised the above-referenced account has been placed with our office for collection. We want to bring this matter to your attention. Subject to your rights set forth below or as otherwise provided by law, please submit payment in the amount of $14,838.33 via any of the convenient options below.

## Payment Instructions

- ⌂  Make a payment via our website at www.credit-control.com.
- ✉  Submit payment via U.S. mail to: PO Box 189, HAZELWOOD MO 63042.
  Please include your account number in the memo section of your check or money order.
- ☎  Call us toll-free at 866-673-2281 to make payment arrangements. Calls are recorded and may be monitored for quality assurance purposes. You may ask for Stephan Agbigbe.

## Please Read Important Disclosures

This communication from a debt collector is an attempt to collect a debt. Any information obtained will be used for that purpose.

Unless you, within 30 days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office.  If you notify this office in writing within the 30-day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the 30-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**NOTICE: DISCLOSURES MAY CONTINUE ON THE REVERSE SIDE**

PO BOX 51790
LIVONIA MI 48151-5790

RETURN SERVICE REQUESTED

JOSHUA RABINOWITZ

CREDIT CONTROL, LLC
PO BOX 189
HAZELWOOD, MO  63042